No. 52596.—Julia Boutross, Executrix v. United States, protest 116237–K (New York).

EKWALL, Judge: Upon the trial of this case counsel for the plaintiff stated that both the partners of the firm of Boutross Bros., plaintiffs, were deceased. He then moved that Julia Boutross, Executrix, be substituted as plaintiff. Government counsel stated that the Government had no objection to the substitution. The motion is therefore granted.

Plaintiff claims that the action of the collector in liquidating the two entries of imported merchandise involved was illegal in that he failed to follow the decision of the court sitting in reappraisement (Reap. Dec. 5801) which found values for the merchandise less than the entered values. It is further claimed that proper duress certificates were filed under section 503 (b) of the Tariff Act of 1930, in which the importer certified that he had entered the merchandise at a value higher than the value, as defined in the tariff act, because of advances by the appraiser in similar cases then pending on appeal for reappraisement.

The collector of customs deemed the duress certificate insufficient. In his memorandum, which is part of the official papers transmitted to the court, he states:

One of the partners of Boutross Bros., Abe Boutross, executed affidavits which are attached to the entries involved and which clearly state that the authority to sign the name Boutross Bros. on the entries was granted only to one Al Guttman. There is also attached to entry No. 785515, one of the protested entries, a notarized letter, dated March 18, 1943, from Richard Shipping Corp., customs brokers. This letter signed by Alfred R. Guttman states, among other things, "Mr. H Jackson, an employee of ours, at that time, had the permission of Boutross Bros. to prepare and sign, as agent, the duress notices attached to the summary sheets." A check of the files of powers of attorney in connection with making entries for importers and doing all things necessary in connection with the entries which are filed with the Solicitor to the Collector, indicates that no power of attorney was ever granted by Boutross Bros. to Al Guttman.

The Collector was not satisfied that the affidavits from Abe Boutross and from Richard Shipping Corp. were sufficient to prove the agency of H. Jackson. Therefore, the Collector did not consider the duress certificates as having been properly signed by or for Boutross Bros.

At the hearing plaintiff produced the testimony of Mr. Alfred R. Guttman, a duly licensed customhouse broker. From the evidence produced by this witness it is the opinion of the court that the agency has been established and that the duress certificates were properly signed. There is no dispute as to the correctness of the citations of the pending reappraisement cases noted in the certificates, the only question raised being one of the sufficiency of the signature.

Upon the evidence produced on behalf of the plaintiff, we find the certificates sufficient under the statute (section 503 (b), *supra*). We further find and hold that the collector in liquidation was in error in not adopting the values found by the reappraisement division of the court (Reap. Dec. 5801).

Judgment will be rendered for the plaintiff.